## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD CARMONA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0228 |
| | § | |
| MARIA ELENA RUBIO | § | |
| CARMONA, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Continuance of Trial Setting,

Motion for Leave to Reopen Discovery, and Motion for Leave to Designate Experts

[Doc. # 31].  Defendants have responded [Doc. # 32], and plaintiff replied [Doc. #40].

The matter is ripe for adjudication.  After considering the parties' submissions, all

maters of record, and applicable legal authorities, the Court concludes that Plaintiff's

Motion should be **denied**.

Plaintiff asserts that he and his brother, Joel Carmona, started Los Magnificos

Low Rider Car Club (the "Club") as a general partnership in the 1980s.  The Club,

working with the radio station identified as "KBXX 97.9" ("KBXX"),[1] sponsored

annual car shows.  After Joel Carmona died intestate in 1996, Plaintiff asserts, his

---

[1]      KBXX is not a legal entity. It is operated by Defendant Radio One of Texas I, LLC.  *See* Answer to Amended Complaint [Doc. # 22], ¶ 12.

widow, Defendant Maria Carmona, asserted full ownership of "the car club, its income generating activities, and of the names, 'Los Magnificos,' and 'Los Magnificos Low Rider Car Club,' and associated logos." Amended Complaint, ¶ 13. Plaintiff contends that since that time, Mrs. Carmona and KBXX have annually entered into contracts utilizing the "Los Magnificos" name to the exclusion of his interest in the intellectual property. Plaintiff represents in the Amended Complaint that he is the owner of a registered "Los Magnificos" trademark, and that he has used it to identify his products and business. It appears, however, that Plaintiff has merely applied to register the trademark, and that Mrs. Carmona is disputing that application before the Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB").

Plaintiff explains that an amendment to the scheduling order is necessary so that he can analyze Defendants' confidential documents provided under a protective order and retain and designate an expert to assist with his damages calculation. He also asserts that some of his witnesses will have "very limited testimony" at trial, and intends "to take these witnesses' depositions by written questions to be offered at trial." Plaintiff's Motion, 4. Plaintiff's expert witness designations and full reports were due August 15, 2006. Discovery closed October 21, 2006. Defendants filed a

summary judgment motion on November 3, 2006 and it now is ripe for decision. The parties are scheduled to appear for Docket Call on December 15, 2006.[2]

Because this case is subject to a scheduling order [Doc. # 21], Plaintiff's Motion falls under the ambit of Federal Rule of Civil Procedure 16(b). Rule 16 allows the court's pretrial schedule to be modified "upon a showing of good cause and by leave of the district judge." There are four factors for the Court to consider in determining whether good cause exists: "1) the explanation for the failure to move timely for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice." *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005) (citing *S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama*, NA, 315 F.3d 533, 536 (5th Cir. 2003)).

Fundamentally, Plaintiff contends that he needs more time to review, analyze, and possibly submit supplemental discovery requests regarding various confidential financial documents he received from Defendants on November 20, 2006. Defendants explain that Plaintiff's only discovery request was a single set of written interrogatories, sent on July 25, 2006. Defendants responded to the request on August 15, "clearly indicating that Defendants would produce relevant confidential documents and

---

[2]        Because the Court has not had sufficient time to rule on the pending summary judgment motion, the Court will (by separate order) continue the Docket Call.

information 'after the parties have executed and the Court has entered a stipulated protective order.'"[3]  Defendants' Response [Doc. # 32], at 4.  It was not until October 19, two days before the discovery period ended, that Plaintiff's counsel asked to see the documents Defendants had identified as confidential.  *Id*. at 5.  The protective order was not submitted to the Court until November 15 [Doc. # 26], three weeks after the close of discovery, and was approved by the Court on November 16 [Doc. # 28].  Defendants assert that a protective order was prepared several months before that, because they hoped to enter it before deposing Plaintiff on September 22.  They credit Plaintiff's counsel for the delay, contending that he "only turned to it in earnest after Plaintiff decided, at the close of the discovery period, that he wanted to view the Defendants' confidential documents."  Defendants' Response [Doc. # 32], at 5.  No explanation has been provided by either party for the three-week delay between the close of discovery and submission of the protective order.

Plaintiff also seeks discovery to attempt to prove damages through an expert. He has not shown good reason for the delay in conducting meaningful discovery. Plaintiff was aware of his own claim for damages well before his deadline for

---

[3]   Defendants admit that certain information had not been turned over as of December 1, the date of their Response, because Radio One's financial records relating to a car show and concert held November 5, 2006, had not been completed.  Defendants represent to the Court "that the documents will be provided as soon as possible" once those documents are available, which they anticipated would be within "a few days."  Defendants' Response [Doc. # 32], at 6.  The Court presumes that the information has since been disclosed to Plaintiff.  If this is not the case, Defendants must immediately inform the Court of the reasons for the delay.

designating experts elapsed, yet he failed to act.  Similarly, Plaintiff knew that Defendants would not provide certain confidential documents without a protective order, but did not seek such an order in a timely fashion or move to compel production.

The Court is also unpersuaded of the importance of the requested amendment or the expert he seeks to designate.  Plaintiff has not shown the importance of the confidential documents.  He has other alternatives available to address damages at trial.

Plaintiff also urges the Court to grant the Motion in order to allow the TTAB to decide the ownership of the Los Magnificos trademarks.[4]  Plaintiff contends that the extension is important because the TTAB's determination "impacts on the issue of ownership of the marks."  Plaintiff's Motion, 3.  This argument is unpersuasive.  A delay in this case would not necessarily allow time for the TTAB proceeding to conclude.  "Whenever it shall come to the attention of the Trademark Trial and Appeal Board that a party or parties to a pending case are engaged in a civil action . . . which may have a bearing on the case, proceedings before the Board may be suspended until termination of the civil action."  37 C.F.R. § 2.117(a).  Nor are the views of the TTAB

---

[4]        The specific marks at issue before the TTAB are "LOS MAGNIFICOS LOWRIDER CLUB" and "LOS MAGNIFICOS LOWRIDER CLUB HOUSTON."  Defendants' Response, 6.

binding upon this Court, although the decision of this Court may bind the TTAB.[5] Plaintiff's reasons are not important enough to justify the proposed amendment to the scheduling order.

The amendment, if granted, would also prejudice Defendants.[6] Discovery closed more than a month before the Motion was filed. Plaintiff's experts were to have been designated more than three months before the Motion. Granting the Motion would require Defendants to respond to Plaintiff's untimely discovery requests, and they would be entitled to seek their own new discovery. Moreover, Defendants' Motion for Summary Judgment is filed and fully briefed.

Plaintiff has not shown good cause to amend the scheduling order by continuing the trial setting, reopening discovery, and/or allowing the untimely designation of experts. It is therefore

---

[5]     "Most commonly, a request to suspend pending the outcome of another proceeding seeks suspension because of a civil action pending between the parties in a Federal district court. To the extent that a civil action in a Federal district court involves issues in common with those in a proceeding before the Board, the decision of the Federal district court is often binding upon the Board, while the decision of the Board is not binding upon the court." Trademark Trial and Appeal Board Manual of Procedure, Chapter 502.02(a) (March 12, 2004), *available at* http://www.uspto.gov/web/offices/dcom/ttab/tbmp/. *See also Buti v. Perosa, S.R.L.*, 139 F.3d 98, 105 (2d Cir. 1998).

[6]     Plaintiff makes no argument as to why Defendants would not be prejudiced if the Motion were granted.

**ORDERED** that Plaintiff's Motion for Continuance of Trial Setting, Motion for Leave to Reopen Discovery, and Motion for Leave to Designate Experts [Doc. # 31] is **DENIED**.

**SIGNED** at Houston, Texas, this **8th** day of **December, 2006**.

Nancy F. Atlas
United States District Judge